**IN THE UNITED STATES DISTRICT
COURT FOR THE NORTHERN DISTRICT
OF ILLINOIS EASTERN DIVISION**

JACQUELINE BELZONE

                    Plaintiff,                                      JURY TRIAL DEMANDED

        v.

NESPRESSO USA, INC., KRISTA NEIGHBOURS,

JOSUHA ASHLEY

                    Defendants.

---

**COMPLAINT**

NOW COMES the Plaintiff, JACQUELINE BELZONE (hereinafter "Plaintiff"), by and through her counsel, SPEARMAN LAW, LLC and complains against the Defendants, Nespresso USA, Inc., Krista Neighbours, and Joshua Ashley (hereinafter "Defendants") and states the following in support thereof:

**NATURE OF ACTION**

1. Plaintiff, JACQUELINE BELZONE files this complaint for damages related to her employment with Defendant, Nespresso USA, Inc. for violation of her rights under Title

VII of the Civil Rights Act of 1964. More specifically, Plaintiff brings this action for discrimination based on race, harassment based on race, and retaliation. Plaintiff also brings this complaint pursuant to 42 U.S.C. § 1981 and Title I of the Americans with Disabilities.

## JURISDICTION AND VENUE

2. The jurisdiction of this Court is invoked pursuant to the Civil Rights Act, 42 U.S.C. § 1981 and Title VII of the Civil Rights Act of 1964, as amended 42 U.S.C. § 2000e, et seq. ("Title VII"); the judicial code 28 U.S.C. § 1331, § and 1343.

3. Venue is proper pursuant to 28 U.S.C. § 1391 (b) because a substantial part of the events giving rise to this Complaint occurred within this judicial district and Plaintiff was employed by the Defendant in the County of Cook, in the State of Illinois. Venue is also proper pursuant to 42 U.S.C.A. § 2000e-5(f)(3).

## PARTIES

4. PLAINTIFF JACQUELINE BELZONE is an African American female of the Northern District of Illinois and worked for the Defendants for over ten (10) years, until November 8, 2023.

5. The Defendant, NESPRESSO USA, INC. is a private company, headquartered in New York, New York, and an operating unit of the Nestlé Group. The company sells coffee capsules and espresso machines. The Defendant also owns and operates coffee boutique shops throughout the country, including Chicago, IL.

6. The Defendant, KRISTA NEIGHBOURS is a citizen of the United States and State of Illinois and is sued in her individual capacity. She was at all times relevant an employee

and agent of NESPRESSO USA, INC and Director of Retail and acted as decision-maker with respect to the discriminatory practices and employment decisions complained of herein. At all times and in all matters material, she worked within the scope of her duties in connection with Plaintiff's employment with the Defendant.

7. The Defendant, JOSUHA ASHLEY is a citizen of the United States and State of Illinois and is sued in his individual capacity. He was at all times relevant an employee and agent of NESPRESSO USA, INC. and District Manager and acted as decision-maker with respect to the discriminatory practices and employment decisions complained of herein. At all times and in all matters material, he worked within the scope of his duties in connection with Plaintiff's employment with the Defendant.

## ADMINISTRATIVE PREREQUISITES

8. Plaintiff has met all administrative prerequisites.

9. Plaintiff filed a charge of discrimination with the EEOC on June 7, 2024 (440-2024-08971) (See attached Exhibit. A)

10. Plaintiff was issued a right sue letter and received the right to sue letter on or about May 7, 2025, and timely filed this complaint. (See attached Exhibit B)

## FACTS COMMON TO ALL COUNTS

11. Plaintiff's employment with the Defendant started in May of 2013 as a Boutique Coffee Specialist.

12. Plaintiff performed her job duties satisfactorily during her time with the Defendant.

13. Plaintiff was passed over for promotions on several different occasions.

14. The Defendant denied Plaintiff a promotion to "Coffee Training Lead."

15. The Defendant denied Plaintiff a promotion as "Customer Facing Training Specialty."

16. The Defendant denied Plaintiff a promotion to Senior Manager.

17. Defendants, Krista Neighbours, and Joshua Ashley filled the roles with less qualified and less experienced, White people.

18. To exacerbate matters, the role for Senior Manager had already been filled but Defendants Neighbours and Ashley conducted a "sham" interview with Plaintiff, knowing there was no intention to hire her for the role because the position was already filled.

19. In several instances, Plaintiff was already fulfilling the duties of the "higher roles" without the title.

20. For instance, Plaintiff did the job of "team lead" without being officially promoted.

21. The Defendants' goal was to hire someone to fill the role permanently.

22. For nine (9) months, the Defendant did not hire anyone for the role but forced Plaintiff to fulfil the duties without a pay increase or full-time benefits that normally accompany the position.

23. In another instance, Plaintiff was told that due to the volume and location of the store, there was no Assistant Management role; however shortly after she was transferred to another location, a White person was hired for the Assistant Manager role.

24. Furthermore, the Defendant treated Plaintiff differently than White interviewees by holding her to different standards during the interview process

25. For example, the Defendant's leadership discussed "a new puppy" and a "peanut butter sandwich" with the selected candidate during the interview process.

26. On the other hand, Plaintiff was criticized for arbitrary, non-performance related criteria during her interview.

27. Furthermore, the selected White candidate for the 'Senior Manager" role had only been with the Defendant for two (2) years, while Plaintiff had been employed by Defendant for ten (10) years.

28. The Defendant told Plaintiff that to receive a certain promotion, she would have to be in a role for one year.

29. However, similarly situated White employees were promoted within months of being employed by the Defendant and received full time benefits.

30. In addition, the Defendant's leadership made the following comments toward or about Plaintiff:

    a. "You're not polished enough to be a manager here at Nespresso.

    b. "I don't like her hair. Her hair is too messy." (*Negative Stereotype Associated with Black people*)

    c. "You don't always have to be the loudest voice in the room" (*Negative Stereotype Associated with Black people*)

    d. "I'm scared of you. " (*Negative Stereotype Associated with Black people*)

31. Additionally, the Plaintiff did not receive pay increases at the same rate as similarly situated White employees.

32. Although Plaintiff did not meet the Defendants' "standard" for a promotion, she was certainly "good enough" to lead the Defendants' "diversity efforts."

33. Plaintiff led initiatives for Black History Month and Juneteenth.

34. The Plaintiff engaged in legally protected activity when she complained that the Defendant used her "for diversity efforts" but denied her multiple promotions because of her race.

35. In response, the Defendant ignored Plaintiff and failed to communicate with her, posing an impediment to Plaintiff's ability to perform essential job tasks.

36. Plaintiff spearheaded an initiative to lead a focus group for the Defendant's African American employees.

37. After a year, Plaintiff received an invitation to the Employee Resource Group Summit which was held virtually over Microsoft Teams.

38. The Defendant refused to allow Plaintiff to attend the virtual summit, despite having adequate employee coverage.

39. Plaintiff received an award during the summit which she was unable to witness.

40. Plaintiff was later invited to be a part of a photoshoot for the African American Employee Resource Group. This initiative was a part of Defendant's global marketing campaign.

41. Plaintiff asked her supervisors if she could attend.

42. The Defendants congratulated the Plaintiff and approved Plaintiff's attendance.

43. After the Plaintiff returned from the trip, she was told that she would have to take "paid time off", although this was an event sponsored by the Defendant.

44. Defendant, Kimberly Ballard-Smith implemented the Defendant's "paid time-off" policy differently with Plaintiff, as compared with similarly situated White employees who had not engaged in legally protected activity.

45. Plaintiff was not told that she would need "paid time off" prior to being asked to participate in the Defendant's global marketing campaign.

46. By contrast, none of the other employees who made the same trip (non-Black) were asked to use PTO.

47. Moreover, all of the other employees (non-Black) employees were given a $500 stipend and $75 per hour for travel time to and from their home state to New York.

48. Plaintiff was the only employee who had to use PTO for the trip, and who did not receive compensation.

49. The other employees were non-Black and had not engaged in legally protected activity.

50. Additionally, the Defendant partnered with a third party-party organization and forced the Plaintiff to do the following:

- Make initial contact with the organization to start the conversation about the collaboration.

- Write corporate communications about partnership which were distributed companywide.

- Help the marketing team design the campaign,

-  Help with retail guidelines for the launch

- Create lapel pins to honor collaboration

- Facilitate future collaborations for other employee resource groups

- Ship "Black @ Nespresso" water bottles and notebooks to the office for the launch

- Compose documents for the launch day inclusive of a timeline and questions for corporate leadership team

51. Despite all of her efforts, Plaintiff was not allowed to attend the launch for the Defendant's collaboration, while White employees were allowed to attend, despite having minimal or no involvement in the planning process.

52. Furthermore, Plaintiff was denied a reasonable accommodation after dealing with an issue with a disability that arose about five (5) years ago.

53. The Defendant has knowledge of the disability.

7

54. The Plaintiff's disability severely impaired her eyesight.

55. After Plaintiff's PTO was exhausted, the Defendant forced her to take a leave of absence.

56. In doing so, the Defendant refused to engage in the interactive process and provide a reasonable accommodation for Plaintiff.

57. Therefore, Plaintiff was also forced to take an unnecessary leave of absence.

58. The Defendant's actions exacerbated Plaintiff's health.

59. As a result, Plaintiff was left with no other alternative: she had to resign.

60. Additionally, the Defendant failed to pay Plaintiff, despite her having a certification from the doctor regarding her disability.

61. Furthermore, the doctor concluded that the Defendant's behavior caused Plaintiff significant stress, leading to symptom flare-ups for her disability.

62. After being denied multiple promotions, and a reasonable accommodation, Plaintiff resigned on November 8, 2023.

## COUNT I
## TITLE VII: RACE DISCRIMINATION
### (Against Nespresso USA, Inc.)

63. Plaintiff repeats and realleges paragraphs 1-62 and incorporates same by reference as though fully set out herein.

64. At all times relevant, Plaintiff is an African American female who worked for the Defendants.

65. Defendants and their agents were under a duty to prevent a discriminatory working environment and conduct and implement its personnel decisions, including promotions and pay in a nondiscriminatory manner without regard to race and without retaliation.

66. Through the actions alleged hereinabove, Plaintiff was subject to disparate treatment and was not subjected to the same terms of employment as the non-Black employees.

67. Title VII prohibits discrimination in hiring, pay, promotion, termination, and other terms and conditions of employment because of race, color, sex, national origin or religion.

68. Defendants discriminated against Plaintiff as set forth herein this Complaint.

69. More specifically, Plaintiff was passed over for numerous promotions, while the Defendant promoted less qualified White people with less experience than Plaintiff.

70. Therefore, Plaintiff suffered adverse employment actions, which materially and adversely affected the terms, conditions, and privileges of Plaintiff's employment, leading to Plaintiff's constructive termination.

71. As a direct result of Defendant's unlawful conduct, Plaintiff suffered substantial damages including but not limited to lost wages, severe emotional distress, pain and suffering, humiliation, and damage to her professional and personal reputation.

## PRAYER FOR RELIEF

WHEREFORE, PLAINTIFF **JACQUELINE BELZONE** by and through her counsels, SPEARMAN, LAW, LLC, respectfully requests that this Honorable Court find that the Defendants engaged in discriminatory conduct against Plaintiff and enter a judgment in favor of Plaintiff in accordance with the following:

A. Enter judgment in PLAINTIFF's favor and against DEFENDANTS for violation of her rights under Title VII of the Civil Rights Act;

B. Award PLAINTIFF the value of her compensatory damages, lost wages, lost benefits, and other monetary losses;

C.  Award PLAINTIFF attorney's fees and costs in bringing this action; and

D.  Award such other and further relief as the court may deem just and equitable.

## COUNT II:
## TITLE VII: HARASSMENT (RACE)
## (Against Nespresso USA, Inc.)

72. Plaintiff repeats and realleges paragraphs 1-71 and incorporates same by reference as though fully set out herein.

73. At all times relevant, Plaintiff is an African American female who worked for the Defendant.

74.  Plaintiff was subjected to unwelcome harassment.

75.  The harassment was based on Plaintiff's race.

76. The harassment amounted to conduct that was intimidating, hostile, and offensive and interfered with Plaintiff's work performance.

77. The harassment led to Plaintiff's constructive discharge.

78. As a direct result of Defendant's unlawful conduct, Plaintiff suffered substantial damages including but not limited to lost wages, severe emotional distress, pain and suffering, humiliation, and damage to her professional and personal reputation.

## PRAYER FOR RELIEF

WHEREFORE, PLAINTIFF **JACQUELINE BELZONE**, by and through her counsels, SPEARMAN, LAW, LLC, respectfully requests that this Honorable Court find that the Defendants engaged in discriminatory conduct against Plaintiff and enter a judgment in favor of Plaintiff in accordance with the following:

A. Enter judgment in PLAINTIFF's favor and against DEFENDANTS for violation of her rights under Title VII of the Civil Rights Act;

B. Award PLAINTIFF the value of her compensatory damages, lost wages, lost benefits, and other monetary losses;

C. Award PLAINTIFF attorney's fees and costs in bringing this action; and

D. Award such other and further relief as the court may deem just and equitable.

**COUNT III**
**SECTION 1981 RACIAL DISCRIMINATION**
**(AGAINST NESPRESSO USA, INC., KRISTA NEIGHBOURS, JOSHUA ASHLEY, IN THEIR INDIVIDUAL CAPACITIES)**

79. Plaintiff repeats and realleges paragraphs 1-78 and incorporates same by reference as though fully set out herein.

80.  At all times relevant, Plaintiff is an African American female who worked for the Defendants.

81. Defendants KRISTA NEIGHBOURS and JOSHUA ASHLEY all acted in supervisory roles toward Plaintiff during the discrimination set forth herein this Complaint.

82. Defendants and their agents were under a duty to prevent discriminatory working environment and conduct and implement their personnel decisions, including promotions and pay in a nondiscriminatory manner without regard to race and without retaliation.

83. Defendants intentionally discriminated against Plaintiff as set forth herein this Complaint.

84. As a direct result of Defendant's unlawful conduct, Plaintiff suffered substantial damages including but not limited to lost wages, severe emotional distress, pain and suffering, humiliation, and damage to her professional and personal reputation.

## PRAYER FOR RELIEF

WHEREFORE, PLAINTIFF **JACQUELINE BELZONE**, by and through her counsels, SPEARMAN, LAW, LLC, respectfully requests that this Honorable Court find that the Defendants engaged in discriminatory conduct against Plaintiff and enter a judgment in favor of Plaintiff in accordance with the following:

A. Enter judgment in PLAINTIFF's favor and against DEFENDANTS for violation of her rights under Civil Rights Section 1981;

B. Award PLAINTIFF the value of her compensatory damages, lost wages, lost benefits, and other monetary losses;

C. Award PLAINTIFF attorney's fees and costs in bringing this action; and

D. Award such other and further relief as the court may deem just and equitable.

## COUNT IV:
### SECTION 1981 HARASSMENT (RACE)
### (AGAINST NESPRESSO USA, KRISTA NEIGHBOURS JOSHUA ASHLEY IN THEIR INDIVIDUAL CAPACITIES)

85. Plaintiff repeats and realleges paragraphs 1-84 and incorporates same by reference as though fully set out herein.

86. At all times relevant, Plaintiff is an African American female who worked for the Defendant.

87. Defendants KRISTA NEIGHBOURS and JOSHUA ASHLEY all acted in supervisory roles toward Plaintiff during the discrimination set forth herein this Complaint.

88. Defendants and their agents were under a duty to prevent a discriminatory working environment and conduct and implement its personnel decisions, including promotions and pay in a nondiscriminatory manner without regard to race and without retaliation.

89. Defendants intentionally discriminated against Plaintiff as set forth herein this Complaint.

90. Plaintiff was subjected to unwelcome harassment.

91. The harassment was based on Plaintiff's race.

92. The harassment was intentional and amounted to conduct that was intimidating, hostile, and offensive and interfered with Plaintiff's work performance.

93. The harassment led to Plaintiff's constructive discharge.

94. As a direct result of Defendant's unlawful conduct, Plaintiff suffered substantial damages including but not limited to lost wages, severe emotional distress, pain and suffering, humiliation, and damage to her professional and personal reputation.

### **PRAYER FOR RELIEF**

WHEREFORE, PLAINTIFF **JACQUELINE BELZONE**, by and through her counsels, SPEARMAN, LAW, LLC, respectfully requests that this Honorable Court find that the Defendants engaged in discriminatory conduct against Plaintiff and enter a judgment in favor of Plaintiff in accordance with the following:

A. Enter judgment in PLAINTIFF's favor and against DEFENDANTS for violation of her rights under Civil Rights Section 1981;

B. Award PLAINTIFF the value of her compensatory damages, lost wages, lost benefits, and other monetary losses;

C. Award PLAINTIFF attorney's fees and costs in bringing this action; and

D. Award such other and further relief as the court may deem just and equitable.

## COUNT V: SECTION 1981 RETALIATION
## (AGAINST NESPRESSO USA, KRISTA NEIGHBOURS JOSHUA ASHLEY IN THEIR INDIVIDUAL CAPACITIES)

95. Plaintiff repeats and realleges paragraphs 1-94 and incorporates same by reference as though fully set out herein.

96. Defendants KRISTA NEIGHBOURS, and JOSHUA ASHLEY all acted in supervisory roles toward Plaintiff during the discrimination set forth herein this Complaint.

97. Defendants and their agents were under a duty to prevent a discriminatory working environment and conduct and implement its personnel decisions, including promotions and pay in a nondiscriminatory manner without regard to race and without retaliation.

98. Defendants intentionally discriminated against Plaintiff as set forth herein this Complaint.

99. The Plaintiff complained to Defendant's leadership about racism, discrimination, and harassment, on numerous occasions.

100. In response, Defendants promoted less qualified and less experienced White people over Plaintiff on numerous occasions.

101. These actions led to Plaintiff's constructive discharge.

102. As a direct result of Defendant's unlawful conduct, Plaintiff suffered substantial damages including but not limited to lost wages, severe emotional distress, pain and suffering, humiliation, and damage to her professional and personal reputation.

## PRAYER FOR RELIEF

WHEREFORE, PLAINTIFF **JACQUELINE BELZONE**, by and through her counsels, SPEARMAN, LAW, LLC, respectfully requests that this Honorable Court find that the Defendants

engaged in discriminatory conduct against Plaintiff and enter a judgment in favor of Plaintiff in accordance with the following:

A. Enter judgment in PLAINTIFF's favor and against DEFENDANTS for violation of her rights under Civil Rights Act Section 1981;

B. Award PLAINTIFF the value of her compensatory damages, lost wages, lost benefits, and other monetary losses;

C. Award PLAINTIFF attorney's fees and costs in bringing this action; and

D. Award such other and further relief as the court may deem just and equitable.

## COUNT VI:
## TITLE VII: HARASSMENT (RETALIATION)
### (Against Nespresso USA, Inc. )

103.    Plaintiff repeats and realleges paragraphs 1-102 and incorporates same by reference as though fully set out herein.

104.    At all times relevant, Plaintiff is an African American female who worked for the Defendants.

105.    The Plaintiff complained to Defendant's leadership about racism, discrimination, and harassment, on numerous occasions.

106.    Plaintiff was subjected to unwelcome harassment because she engaged in a protected activity.

107.    The harassment amounted to conduct that was intimidating, hostile, and offensive and interfered with Plaintiff's work performance.

108.    These actions led to Plaintiff's constructive discharge.

109.    As a direct result of Defendant's unlawful conduct, Plaintiff suffered substantial damages including but not limited to lost wages, severe emotional distress, pain and

suffering, humiliation, and damage to her professional and personal reputation.


## PRAYER FOR RELIEF

WHEREFORE, PLAINTIFF **JACQUELINE BELZONE**, by and through her counsels, SPEARMAN, LAW, LLC, respectfully requests that this Honorable Court find that the Defendants engaged in discriminatory conduct against Plaintiff and enter a judgment in favor of Plaintiff in accordance with the following:

A. Enter judgment in PLAINTIFF's favor and against DEFENDANTS for violation of her rights under Title VII of the Civil Rights Act;

B. Award PLAINTIFF the value of her compensatory damages, lost wages, lost benefits, and other monetary losses;

C. Award PLAINTIFF attorney's fees and costs in bringing this action; and

D. Award such other and further relief as the court may deem just and equitable.


## COUNT VII
## DISABILITY DISCRIMINATION IN VIOLATION OF THE AMERICANS WITH DISABILITIES ACT

110.     Plaintiff repeats and realleges paragraphs 1-109 and incorporates same by reference as though fully set out herein.

111.     Title I of the Americans with Disabilities Act, specifically 42 U.S.C. §12101 et seq., makes it unlawful for an employer to discriminate against an employee on the basis of an employee's disability, because of a record of disability or because the employer regards the employee as suffering from a disability.

112.     At the time of her employment with the Defendant, Plaintiff suffered from a

qualified disability under the ADA.

113.     Defendant, without legitimate reason failed to provide Plaintiff with a reasonable accommodation.

114.     Defendant failed and refused to engage in the interactive process with Plaintiff to identify an appropriate accommodation.

115.     As a direct result of Defendant's unlawful conduct, Plaintiff suffered substantial damages including but not limited to lost wages, severe emotional distress, pain and suffering, humiliation, and damage to her professional and personal reputation.

## **PRAYER FOR RELIEF**

WHEREFORE, PLAINTIFF **JACQUELINE BELZONE**, by and through her counsels, SPEARMAN, LAW, LLC, respectfully requests that this Honorable Court find that the Defendants engaged in discriminatory conduct against Plaintiff and enter a judgment in favor of Plaintiff in accordance with the following:

A.  That the Court find that the Defendant violated the ADA for discriminating against the Plaintiff.

B.  Award PLAINTIFF the value of her compensatory damages, lost wages, lost benefits, and other monetary losses;

C.  Award PLAINTIFF attorney's fees and costs in bringing this action; and

D.  Award such other and further relief as the court may deem just and equitable.

## COUNT VIII
## DISABILITY DISCRIMINATION-UNEQUAL TERMS, PRIVILEGES, AND CONDITIONS OF EMPLOYMENT

116.     Plaintiff repeats and realleges paragraphs 1-115 and incorporates same by reference as though fully set out herein.

117.     Title I of the Americans with Disabilities Act, specifically 42 U.S.C. §12101 et seq., makes it unlawful for an employer to discriminate against an employee on the basis of an employee's disability, because of a record of disability or because the employer regards the employee as suffering from a disability.

118.     Defendant subjected Plaintiff to unequal terms, privileges, and conditions of employment based on her disability.

119.     Defendant subjected Plaintiff to different terms and conditions of her employment but did not subject similarly situated non-disabled employees to the same conduct.

120.     As a direct result of Defendant's unlawful conduct, Plaintiff suffered substantial damages including but not limited to lost wages, severe emotional distress, pain and suffering, humiliation, and damage to her professional and personal reputation.

## PRAYER FOR RELIEF

WHEREFORE, PLAINTIFF **JACQUELINE BELZONE**, by and through her counsels, SPEARMAN, LAW, LLC, respectfully requests that this Honorable Court find that the

Defendants engaged in discriminatory conduct against Plaintiff and enter a judgment in favor

of Plaintiff in accordance with the following:

A. That the Court find that the Defendant violated the ADA for discriminating against the

Plaintiff.

B. Award PLAINTIFF the value of her compensatory damages, lost wages, lost benefits, and other

monetary losses;

C. Award PLAINTIFF attorney's fees and costs in bringing this action; and

D. Award such other and further relief as the court may deem just and equitable.

## COUNT IX
## RETALIATION TITLE VII and ADA

121.     Plaintiff repeats and realleges paragraphs 1-120 and incorporates same by reference
as though fully set out herein.

122.     Title I of the Americans with Disabilities Act, specifically 42 U.S.C. §12203 et
seq., makes it unlawful for an employer to discriminate against an employee on the basis
of an employee's disability, because of a record of disability or because the employer
regards the employee as suffering from a disability.

123.     Title VII of the Civil Rights Act makes it unlawful for an employer to discriminate
against an employee who has opposed an unlawful employment practice.

124.      Plaintiff engaged in numerous instances of protected activity where she repeatedly
requested accommodations for her disabilities and where she relatedly complained that she was
subjected to discriminatory terms and conditions of her employment based on disability.

125.     In response to and as a direct result of Plaintiff's engagement in protected activity,

Defendant forced Plaintiff on leave.

126.     In response to and as a direct result of Plaintiff's engagement in protected activity, Plaintiff terminated her employment.

127.     As a result of Defendant's discriminatory conduct, Plaintiff has suffered severe emotional distress.

128.     These actions led to Plaintiff's constructive discharge.

129.     As a direct result of Defendant's unlawful conduct, Plaintiff suffered substantial damages including but not limited to, lost wages, severe emotional distress, pain and suffering, humiliation, and damage to her professional and personal reputation.

## **PRAYER FOR RELIEF**

WHEREFORE, PLAINTIFF **JACQUELINE BELZONE**, by and through her counsels, SPEARMAN, LAW, LLC, respectfully requests that this Honorable Court find that the Defendants engaged in discriminatory conduct against Plaintiff and enter a judgment in favor of Plaintiff in accordance with the following:

A. That the Court find that the Defendant violated Title VII and the ADA for discriminating against the Plaintiff;

B. Award PLAINTIFF the value of her compensatory damages, lost wages, lost benefits, and other monetary losses;

C. Award PLAINTIFF attorney's fees and costs in bringing this action; and

D. Award such other and further relief as the court may deem just and equitable.

## COUNT X
## CONSTRUCTIVE DISCHARGE BASED ON RACE
## TITLE VII OF THE CIVIL RIGHTS ACT OF 1964, 42 U.S.C. § 2000e, et. Seq

130.     Plaintiff repeats and realleges paragraphs 1-129 and incorporates same by reference as though fully set out herein.

131.     It is an unlawful employment practice for an employer to fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to her compensation, terms, conditions, or privileges of employment, because of such individual's race.

132.     Plaintiff, as an African American, is a member of a protected class under Title VII.

133.     Defendant knowingly and intentionally engaged in harassment of Plaintiff by creating an intolerable, hostile work environment for Plaintiff.

134.     The aforementioned conditions created by Defendant were so extreme and pervasive, Plaintiff was forced to give notice of her resignation on November 8, 2023. Thus, Plaintiff had no other plausible recourse than to resign. Besides, all attempts to resolve any of the discriminatory behavior and harassment from Defendant, were proven to be futile. Therefore, Plaintiff was forced to resign.

135.      Defendant's decision to discriminate against Plaintiff was solely motivated by the fact that she is African-American.

136.     Defendant would not have discriminated and constructively discharged Plaintiff had she not been African American.

137.     White Defendant employees, subjected to the same work environment, policies, procedures, and guidelines as Plaintiff were not harassed or constructively discharged or terminated based upon their race. This constructive discharge of Plaintiff directly impacted

her terms and conditions of employment with Defendant.

138.     Defendant's constructive discharge of Plaintiff constitutes unlawful discrimination in direct violation of Title VII.

139.     As a direct result of Defendant's unlawful conduct, Plaintiff suffered substantial damages including but not limited to, lost wages, severe emotional distress, pain and suffering, humiliation, and damage to her professional and personal reputation.

## PRAYER FOR RELIEF

WHEREFORE, PLAINTIFF **JACQUELINE BELZONE**, by and through her counsels, SPEARMAN, LAW, LLC, respectfully requests that this Honorable Court find that the Defendants engaged in discriminatory conduct against Plaintiff and enter a judgment in favor of Plaintiff in accordance with the following:

A.  That the Court find that the Defendant violated Title VII and the ADA for discriminating against the Plaintiff;

B. Award PLAINTIFF the value of her compensatory damages, lost wages, lost benefits, and other monetary losses;

C. Award PLAINTIFF attorney's fees and costs in bringing this action; and

D. Award such other and further relief as the court may deem just and equitable.

## COUNT XI
## CONSTRUCTIVE DISCHARGE BASED ON DISABILITY
## TITLE VII OF THE CIVIL RIGHTS ACT OF 1964, 42 U.S.C. § 2000e, et. Seq

140.     Plaintiff repeats and realleges paragraphs 1-139 and incorporates same by reference as though fully set out herein.

141. Title I of the Americans with Disabilities Act, specifically 42 U.S.C. §12203 et seq., makes it unlawful for an employer to discriminate against an employee on the basis of an employee's disability, because of a record of disability or because the employer regards the employee as suffering from a disability.

142. Title VII of the Civil Rights Act makes it unlawful for an employer to discriminate against an employee who has opposed an unlawful employment practice.

143. Plaintiff engaged in numerous instances of protected activity where she repeatedly requested accommodations for her disabilities and where she relatedly complained that she was subjected to discriminatory terms and conditions of her employment based on disability.

144. In response to and as a direct result of Plaintiff's engagement in protected activity, Defendant forced Plaintiff on leave.

145. The aforementioned conditions created by Defendant were so extreme and pervasive, Plaintiff was forced to give notice of her resignation on November 8, 2023. Thus, Plaintiff had no other plausible recourse than to resign. Besides, all attempts to resolve any of the discriminatory behavior and harassment from Defendant, were proven to be futile. Therefore, Plaintiff was forced to resign.

146. Defendant's decision to discriminate against Plaintiff was solely motivated by the fact that she had a disability and had advocated for herself based on that disability.

147. As a direct result of Defendant's unlawful conduct, Plaintiff suffered substantial damages including but not limited to, lost wages, severe emotional distress, pain and suffering, humiliation, and damage to her professional and personal reputation.

## PRAYER FOR RELIEF

WHEREFORE, PLAINTIFF **JACQUELINE BELZONE**, by and through her counsels, SPEARMAN, LAW, LLC, respectfully requests that this Honorable Court find that the Defendants engaged in discriminatory conduct against Plaintiff and enter a judgment in favor of Plaintiff in accordance with the following:

A. That the Court find that the Defendant violated Title VII and the ADA for discriminating against the Plaintiff;

B. Award PLAINTIFF the value of her compensatory damages, lost wages, lost benefits, and other monetary losses;

C. Award PLAINTIFF attorney's fees and costs in bringing this action; and

D. Award such other and further relief as the court may deem just and equitable.

**PLAINTIFF DEMANDS TRIAL BY JURY.**

Respectfully Submitted,

**JACQUELINE BELZONE**

By: **/s/ Kendra D. Spearman**

**Kendra D. Spearman** (ARDC No. 6324689)
Spearman Law, LLC
150 S. Wacker Drive, 24th Floor
Chicago, IL 60606
312.788.2602
kendra@spearmanlaw.com

# EXHIBIT A

EEOC Form 5 (11/09)

| CHARGE OF DISCRIMINATION | Charge Presented To: | Agency(ies) Charge No(s): |
|---|---|---|
| This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form. | EEOC | 440-2024-08971 |
| | | and EEOC |

State or local Agency, if any

| I Name (indicate Mr., Ms., Mrs., Miss, Ms., Dr., Hon., Rev.) | Home Phone | Year of Birth |
|---|---|---|
| Ms. Jacqueline Belzone | 312-401-0887 | 1982 |

Street Address

40 E. 9th Street 1902

Chicago, IL 60605

Named is the Employer, Labor Organization, Employment Agency, Apprenticeship Committee, or State or Local Government Agency That I Believe Discriminated Against Me or Others. (If more than two, list under PARTICULARS below.)

| Name | No. Employees, Members | Phone No. |
|---|---|---|
| NESPRESSO USA, INC. | 501+ Employees | 703-682-4605 |

Street Address

900 N. Michigan Ave

Chicago, IL 60611

| Name | No. Employees, Members | Phone No. |
|---|---|---|
| | | |

Street Address      City, State and ZIP Code

| DISCRIMINATION BASED ON | DATE(S) DISCRIMINATION TOOK PLACE | |
|---|---|---|
| | Earliest | Latest |
| Disability, Race, Retaliation | 01/01/2014 | 10/30/2023 |

THE PARTICULARS ARE (If additional paper is needed, attach extra sheet(s)):

Complainant's employment with the Respondent started over ten (10) years ago.

Complainant was treated differently from similarly situated White employees.

Complainant was denied several promotions although she was qualified. The promotions were given to less qualified non-Black people.

Also, Complainant was harassed based on her race, Black.

Complainant was subjected to different terms and conditions than similarly situated White employees.

Complainant's supervisor harassed Complainant and the Respondent's leadership failed to intervene.

The Complainant engaged in protected activity and thereafter the harassment grew worse.

| I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures. | NOTARY – When necessary for State and Local Agency Requirements |
|---|---|
| I declare under penalty of perjury that the above is true and correct. | I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief. SIGNATURE OF COMPLAINANT |
| **Digitally Signed By: Ms. Jacqueline Belzone** | |
| 06/10/2024 | SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE (month, day, year) |
| Charging Party Signature | |

EEOC Form 5 (11/09)

| CHARGE OF DISCRIMINATION | Charge Presented To: | Agency(ies) Charge No(s): |
|---|---|---|
| This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form. | EEOC | 440-2024-08971 |
| | | and EEOC |

State or local Agency, if any

During her employment with Respondent, Complainant was subjected to harassment and a hostile work environment based on race, Black. Complainant was also discriminated against due to her disability.

The environment was so intolerable that Complainant was forced to quit. (Constructive Discharge)

| I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures. | NOTARY – When necessary for State and Local Agency Requirements |
|---|---|
| I declare under penalty of perjury that the above is true and correct.<br><br>**Digitally Signed By: Ms. Jacqueline Belzone**<br>06/10/2024 | I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.<br>SIGNATURE OF COMPLAINANT<br><br>SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE<br>(month, day, year) |
| Charging Party Signature | |

# EXHIBIT B

 **U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

Chicago District Office
230 S Dearborn Street
Chicago, IL 60604
(800) 669-4000
Website: www.eeoc.gov

## DISMISSAL AND NOTICE OF RIGHTS

(This Notice replaces EEOC FORMS 161, 161-A & 161-B)

Issued On: 05/06/2025

**To:** Ms. Jacqueline Belzone
40 E. 9th Street 1902
Chicago, IL 60605
Charge No: 440-2024-08971

EEOC Representative and email:    JAIRO MARQUEZ
Investigator
jairo.marquez@eeoc.gov

### DISMISSAL OF CHARGE

The EEOC has granted your request for a Notice of Right to Sue, and more than 180 days have passed since the filing of this charge.

The EEOC is terminating its processing of this charge.

### NOTICE OF YOUR RIGHT TO SUE

This is official notice from the EEOC of the dismissal of your charge and of your right to sue. If you choose to file a lawsuit against the respondent(s) on this charge under federal law in federal or state court, **your lawsuit must be filed WITHIN 90 DAYS of your receipt of this notice.** Receipt generally occurs on the date that you (or your representative) view this document. You should keep a record of the date you received this notice. Your right to sue based on this charge will be lost if you do not file a lawsuit in court within 90 days. (The time limit for filing a lawsuit based on a claim under state law may be different.)

If you file a lawsuit based on this charge, please sign in to the EEOC Public Portal and upload the court complaint to charge 440-2024-08971.

On behalf of the Commission,

Digitally Signed By:Amrith Kaur Aakre
05/06/2025
Amrith Kaur Aakre
District Director

Cc:
Barbata LaRocca
Nespresso USA, Inc.
111 W 33RD ST
New York, NY 10001

Karen Vossler
Nestle
900 N. Michigan Ave
Chicago, IL 60611

NA NA
900 N. Michigan Ave
Chicago, IL 60611

Kendra Spearman Esq.
Spearman Law, LLC
150 South Wacker Drive Suite 2400
Chicago, IL 60605


Please retain this notice for your records.